# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MELVIN JONES, on behalf of himself and all others similarly situated, and in the interest of the general public,<br><br>    Plaintiffs,<br><br>v.<br><br>JON BURGE, former Chicago Police Department ("CPD") Commander; JOHN BYRNE, former CPD Sergeant; MICHAEL BOSCO, ROBERT FLOOD, DENNIS McGUIRE, and DANIEL McWEENY, former CPD Detectives; RICHARD BRZECZEK, former CPD Superintendent; RICHARD M. DALEY, former Mayor and former State's Attorney; RICHARD A. DEVINE, former State's Attorney; WILLIAM J. KUNKLE; the CITY OF CHICAGO; COOK COUNTY, ILLINOIS; and the COOK COUNTY STATE'S ATTORNEY'S OFFICE,<br><br>    Defendants. | Case No. 11-CV-4143<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Melvin Jones filed his First Amended Complaint on August 11, 2011, setting out 21 counts against Defendants: Jon Burge, John Byrne, Michael Bosco, Robert Flood, Dennis McGuire, Richard Brzeczek, ("CPD Defendants"); former Mayor, Richard M. Daley; former State's Attorney, Richard A. Devine; former Assistant State's Attorney, William J. Kunkle; the City of Chicago; Cook County, Illinois; and the Cook

County State's Attorney's Office. Defendants have filed five separate motions to dismiss Plaintiff's First Amended Complaint.

## BACKGROUND

The facts underlying Plaintiff's Amended Complaint date back to February 1982, when Plaintiff was arrested and charged with unlawful use of a weapon and brought to the Area 2 police headquarters in Chicago for questioning regarding the murder of Geoffrey Mayfield. (Am. Compl. ¶¶ 50-51, 53.) Defendants Flood, McGuire, and Burge interrogated Plaintiff and, Plaintiff alleges, tortured him during his four-day detention. (*Id.* ¶¶ 52-67.) Plaintiff was found not guilty of the weapon charge on September 29, 1982, and released from custody. (*Id.* ¶ 79.) In December 1982, Plaintiff was again arrested by Defendants Flood and McGuire; he was subsequently charged and tried for the murder of Geoffrey Mayfield. (*Id.* ¶¶ 82-94.) At Plaintiff's trial, Defendant McGuire testified that Plaintiff had confessed to the murder, and Plaintiff was later convicted of the murder. (*Id.*) Plaintiff was incarcerated for five years before the Illinois Appellate Court reversed his conviction. (*Id.* ¶¶ 98-100.) In 1989, Plaintiff was re-tried on the murder trial and was acquitted. (*Id.* ¶ 101.) Plaintiff alleges in the Amended Complaint that his torture and erroneous conviction were not aberrations but, rather, "part of a pattern and practice of torture and physical and psychological abuse of African American male arrestees, witnesses and suspects" by Defendants Burge, Byrne, and other CPD officers. (*Id.* ¶ 102.) On behalf of himself and these other alleged victims, Plaintiff filed a Class Action Amended Complaint. Moreover, Plaintiff alleges this systematic torture, as well as the subsequent cover-up, amounted to a conspiracy perpetrated by the

Defendants. (*Id.* ¶¶ 111-177.) Examples of physical abuse of the class extend through 1991, when "Jesse Clemon complained that he had been beaten by Area 3 police in order to extract a confession." (*Id.* ¶ 141(p).) 1991 was also the year in which Defendant Burge was suspended after accusations of torturing another individual. (*Id.* ¶ 136.) However, Plaintiff alleges this scheme and conspiracy among the Defendants did not end until the conviction of Defendant Burge on crimes of perjury and obstruction of justice in 2010. (*Id.* ¶ 199.)

In his Amended Complaint, Plaintiff specifically claims:

I. Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO");
II. A claim under 42 U.S.C. § 1983 for race-based equal protection on behalf of himself and the Class;
III. Claims under 42 U.S.C. §§ 1985, 1986 for conspiracy to deprive constitutional rights;
IV. A claim under 42 U.S.C. § 1986 for negligence in preventing a conspiracy to deprive constitutional rights
V. A claim under 42 U.S.C. § 1983 for failure to intervene to prevent the alleged violence against Plaintiff;
VI. A claim under 42 U.S.C. § 1983 for torture and physical abuse;
VII. Claims under 42 U.S.C. § 1983 for torture and physical abuse on behalf of the Class;
VIII. (A) A claim under 42 U.S.C. § 1983 for coercive interrogation by Plaintiff and (B) A claim under 42 U.S.C. § 1983 for coercive interrogation on behalf of the Class;
IX. A claim under 42 U.S.C. § 1983 for false imprisonment;
X. A claim under 42 U.S.C. § 1983 for deprivation of due process by Plaintiff and on behalf of the Class;
XI. A 42 U.S.C. § 1986 Monell Policy Claim Against Defendant City of Chicago;
XII. A 42 U.S.C. § 1986 Monell Policy Claim Against Defendant Cook County and Defendant Cook County State's Attorney's Office;
XIII. A state law claim for civil conspiracy;
XIV. A state law claim for violations of the Constitution of the State of Illinois;
XV. A state law claim for violation of the Illinois Hate Crime Act, 720 ILCS 5/12.7.1;
XVI. A state law claim for intentional infliction of emotional distress ("IIED");

XVII. A state law claim for false arrest and imprisonment;
XVIII. A state law claim for malicious prosecution;
XIX. A state law *respondeat superior* claim;
XX. A state law claim for indemnification; and
XXI. A claim of violation of the Illinois Hate Crime Act and common law claims against Defendant City of Chicago, Defendant Cook County, and Defendant State's Attorney's Office.

(Am. Compl. ¶¶ 197-315.) All Defendants filed motions to dismiss the Amended Complaint, arguing primarily that all claims in the Amended Complaint are time-barred. Defendants suggest that, beyond the time-barring defense, there are other legitimate grounds for dismissal, including: (1) Eleventh Amendment immunity on the part of the State's Attorney's Office; (2) State's Attorneys' entitlement to qualified immunity as government officials; (3) absolute prosecutorial immunity on the part of the State's Attorneys; (4) municipal immunity; and (5) failure to state a claim upon which relief may be granted under Rule 12(b)(6). Defendants' statute-of-limitations theory requires the dismissal of Plaintiff's claims; these other grounds, therefore, need not be considered.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as

4

true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

A complaint can also fail to state a claim under Rule 12(b)(6) "[i]f the allegations of the complaint 'show that relief is barred by the applicable statute of limitations.'" *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 802 (7th Cir. 2008) (*Limestone*) (quoting *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920–21 (2007)). A statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). While a complaint is not required to anticipate affirmative defenses and address them, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) (*Cancer Foundation*) (quoting *Hollander v. Brown*, 457 F.3d 688, 690 (7th Cir. 2006)).

## ANALYSIS

### Count I: RICO Claim Pursuant to 18 U.S.C. § 1961

#### The RICO Claim is Time-Barred

Plaintiff's first claim alleges violation of the RICO Act, alleging multiple instances of "racketeering activity" as "part of a common and continuous pattern of fraudulent schemes to cover up their wrongful conduct." (Am. Compl. ¶ 202.) Defendants argue this claim is barred by the statute of limitations. The statute of limitations on a civil RICO claim is four years. *Cancer Foundation*, 559 F.3d at 674. The statute of limitations on a RICO claim begins to run when a plaintiff becomes aware, or should have realized, that he had been injured. *Id.*, 559 F.3d at 674-75, citing *Limestone*, 520 F.3d at 800 (7th Cir. 2008). "[T]he focus is on the discovery of the harm," rather than on the discovery that the plaintiff may have a viable claim. *Id. See Rotella v. Wood*, 528 U.S. 549, 555, 558, 120 S.Ct. 1075 (2000) (holding that the statute of limitations begins to run regardless of whether or not a plaintiff is aware of the racketeering occurring). Therefore, the statute of limitations on Plaintiff's RICO claim would have began to run when he was first injured, in 1982. (Am. Compl. ¶¶ 56-63.) The last class member, according to the Amended Complaint, was injured when the police beat him in order to extract a confession in 1991. (Am. Compl. ¶ 141(p).) Therefore, the RICO claims by Plaintiff and the Class are time-barred.

Plaintiff does not specifically address the statute of limitations as to his RICO claim in his Response. (*See* Resp. Br. at 22-28, focusing primarily on Section 1983 claims.) However, it appears Plaintiff disputes the time-barring defenses, believing

instead that his claims should be saved under the doctrine of equitable tolling, or the doctrine of continuing violations. No matter. As explained above, the clock on a RICO claim begins at the time of the injury, and even if there were later acts which further established a pattern of racketeering activity, these continuing acts do not expand the statute of limitations period. The continuing violation doctrine focuses not on a continuing violation but, rather, a *cumulative* violation. *Limestone*, 520 F.3d at 801 (explaining as an example, a claim for sexual harassment, whereby "the first instance of a coworker's offensive words or actions may be too trivial to count as actionable harassment, but if they continue they may eventually reach that level and then the entire series is actionable.") Plaintiff's assertion of continuing violations does not save his RICO claim.

Plaintiff also argues that to the extent any of his claims are time-barred, the statutes of limitations for these claims should be equitably tolled. The doctrine of equitable tolling may be applied to the statute of limitations for a civil RICO action. *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 462 (7th Cir. 1993) (*Bontkowski*). Equitable tolling may toll a statute of limitations where, despite a plaintiff's due diligence, he cannot "obtain vital information bearing on the existence of his claims." *Id.* "In the context of RICO, therefore, equitable tolling may delay the running of the limitations period 'while a victim diligently investigates the possible existence and extent of a pattern of racketeering.'" *Id.* (quoting *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1466 (7th Cir. 1992)). Plaintiff suggests that it was not until 2010, when Defendant Burge was convicted of perjury and obstruction of justice charges, that Plaintiff could

pursue his claims. (Resp. at 26-27.) However, the pertinent question in applying the equitable tolling doctrine is whether or not the plaintiff had an opportunity to know that he had a claim prior to the expiration of the statute of limitations. *Bontkowski*, 998 F.2d at 462. "[W]hen an event occurs that tolls the statute of limitations in either a RICO or an antitrust case, even if the event is fraud by the defendant, the plaintiff cannot fold his hands, sit back, and do nothing until the defendant returns to good behavior. He has to continue investigating diligently[] to the extent he can despite the defendants' obstructionism." *Jay E. Hayden Foundation v. First Neighbor Bank, N.A.*, 610 F.3d 382, 385-86 (7th Cir. 2010) (citing *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 193-96, 117 S.Ct. 1984 (1997)). Here, Plaintiff's position that he could not have somehow known he was wronged until after Defendant Burge's 2010 conviction is implausible, particularly when considering the allegations of Plaintiff's torture in 1982 and subsequent wrongful conviction. Furthermore, Plaintiff's naming of additional, putative class members' claims does nothing to save his RICO claim from being time-barred. The RICO claim of the Plaintiff, and the putative class, is dismissed for being time-barred.

<u>Plaintiff Also Lacks Standing for RICO Claim</u>

Even if RICO's statute of limitations could be tolled, Plaintiff lacks standing to raise a RICO claim against Defendants. RICO permits an individual to pursue a civil RICO action where he is "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Among other injuries, Plaintiff alleges he was deprived of his right to hold gainful employment as a result of Defendants' actions. (Am. Compl. ¶ 184.) Plaintiff further alleges he was injured by the Defendants by virtue of the

fact that he was incarcerated, is now homeless, has nightmares, and suffers from anxiety. (Am. Compl. ¶¶ 182-187.) While RICO is to be construed broadly, as Plaintiff notes in his Response, the Seventh Circuit "has determined that 'the terms 'business or property' are, of course, words of limitation which preclude recovery for personal injuries and the pecuniary losses incurred therefrom.'" *Evans v. City of Chicago*, 434 F.3d 916, 925 (7th Cir. 2006) (*Evans*) (citations omitted). The Seventh Circuit has taken a narrow view on the scope of injuries to business or property under RICO – and has held that personal injuries, and the pecuniary losses flowing from those injuries, are not within the purview of a RICO business or property-related injury. *Id.* Emotional distress and the inability to obtain meaningful employment are named as examples outside the scope of a civil RICO injury.[1] *Id.* Therefore, Plaintiff also lacks standing to pursue a claim under RICO, and his claim, and that of the putative class, is dismissed.

*Section 1983 Claims*

Plaintiff alleges multiple claims pursuant to 42 U.S.C. § 1983, accusing governmental officers and agencies of depriving Plaintiff and the putative class of depriving them of their federal rights. Specifically, Plaintiff alleges, on behalf of the putative class: a violation of race-based equal protection, a claim of torture and physical abuse, a claim of coercive interrogation, and a claim of deprivation of due process. (Am.

---

[1] Plaintiff points out the Seventh Circuit in *Evans* noted "a plaintiff may *never* recover under RICO for loss of an employment opportunity." (Resp. at 11.) However, Plaintiff fails to provide the context of this statement, by excluding the very next line qualifying in the *Evans* opinion: "Where an employee is able to establish that he has been unlawfully deprived of a property right in promised or contracted for wages, the courts have been amenable to classifying the loss of those wages as injury to 'business or property.'" *Evans*, 434 F.3d at 928. Here, Plaintiff alleges no property right in promised or contracted wages.

Compl. ¶¶ 207-216, 242-46, 250-54, 258-267.) Plaintiff also alleges, on behalf of himself, Section 1983 claims of: a violation his right of race-based equal protection; failure to intervene to prevent violence against Plaintiff; torture and physical abuse; coercive interrogation, false imprisonment; and deprivation of due process. (Am. Compl. ¶¶ 207-216, 233-241, 247-249, 255-267.)

The statute of limitations on a claim arising under Section 1983 in Illinois is two years. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011). Much like the RICO claim discussed above, a Section 1983 claim accrues when a plaintiff knew or should have known his or her constitutional rights were violated. *Id.* To determine the accrual date of a Section 1983 claim, the Seventh Circuit employs a two-part test: (1) identify the injury and (2) determine if the plaintiff could have filed suit for that injury. *Id.* Therefore, all of Plaintiff's personal claims against the Defendants pursuant to Section 1983 must fail because they are time-barred.

### Count II: Equal Protection Claim

In Count II of the Complaint, Plaintiff alleges he was physically abused because of his race, in violation of the Fourteenth Amendment's Equal Protection Clause. However, this claim accrued at the time of the abuse; Plaintiff could have filed suit, alleging he was abused by the Defendants, at the time it occurred in 1982. Plaintiff clearly missed the two-year statute of limitations by waiting until 2011 to assert this claim. The discrimination alleged by Plaintiff injured him in 1982, and Plaintiff makes no showing as to why equitable tolling would permit Plaintiff to avoid the time-bar. As the Seventh Circuit explained in its *Limestone* opinion, "[the] injury start[s] the statute of

10

limitations running. . . . difficulty in quantifying damages may sometimes be a basis for equitable tolling, but it does not postpone the start of the limitations period. Not the extent, but the fact, of injury starts the period running." 520 F.3d at 805. "Where there is a series of acts, some of which are time-barred and some of which are not, a plaintiff may not assert a § 1983 equal protection claim for the time-barred allegations." *Hobley v. Burge*, No. 03-CV-3678, 2004 WL 2658075, at *8 (N.D. Ill. Oct. 13, 2004). In the facts alleged in support of Count II, none are within the two-year statute of limitations. Furthermore, a plaintiff can bring an equal protection claim "for those aspects of his other Section 1983 claims that are not time barred." *Walden v. City of Chicago*, 755 F.Supp. 2d 942, 958 (N.D. Ill. 2010). Because all of Plaintiff's Section 1983 claims are time-barred, no aspect relating to his equal protection claim in Count II can survive.

<u>Counts V, VI, VII and IX – Fourth Amendment Claims</u>

Counts V and VI of the Amended Complaint allege Plaintiff was physically abused by the Defendants and that the Defendants failed to intervene to prevent the violence, violating his Fourth Amendment rights. Count IX alleges Plaintiff was falsely imprisoned by the Defendants in violation of the Fourth Amendment. A claim of false imprisonment accrues at the time the plaintiff is detained, and a claim of physical abuse under Section 1983 accrues at the time the abuse occurs. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Wallace v. City of Chicago*, 440 F.3d 421, 428 (7th Cir. 2006). Therefore, these claims, too, are time-barred, as the claims accrued in 1982, at the time of the incidents at issue. As these claims fall under the Section 1983 statute of limitations of two years, Plaintiff had until 1984 to bring suit on these claims.

Legally, it *was* possible for Plaintiff to pursue his claims under Section 1983 at the time they accrued. The suggestion that the statute of limitations should be disregarded because the "political climate" was not ideal for Plaintiff to pursue his claims has no basis in the law and is particularly unavailing, considering that other plaintiffs in cases cited by Plaintiff here *did* bring timely claims against Burge and others at an earlier date. Therefore, the Plaintiff's Fourth Amendment claims (Counts V, VI, and IX), as well as the Fourth Amendment claim on behalf of the putative class (Count VII), are dismissed as time-barred, and equitable tolling does not apply to these claims.

### Count VIII – Coercive Interrogations

Plaintiff alleges in Count VIII(A) of the Amended Complaint that his Fifth Amendment right was violated by Defendants when they "coercively interrogated [Plaintiff], using torture techniques which shock the conscience, and resulting in false and fabricated confession to the Mayfield Murder." (Am. Compl. ¶ 248.) However, Plaintiff directly contradicts this claim by stating that he never confessed to the crimes for which he was detained, despite being tortured. (Am. Compl. ¶¶ 68, 93.) Plaintiff alleges instead that Defendant McGuire falsely testified that he made a confession. (Am. Compl. ¶ 91.) Since Plaintiff concedes he never made a confession, he cannot pursue a claim that he was coerced into making a false confession; i.e., Plaintiff made no self-incriminating statement to police and, therefore, has no claim that a self-incriminating statement was coerced from him. *See Chavez v. Martinez*, 538 U.S. 760, 766-767 (2003) (holding that a Fifth Amendment violation occurs once a self-incriminating statement is used at a criminal proceeding). Thus, Plaintiff has failed to state a claim of coercive

12

interrogation under Section 1983, and Count VIII(A) of his Amended Complaint is dismissed.

Further, even if Plaintiff had been able to allege a claim of coercive interrogation, such a claim would be time-barred. The statute of limitations on a Fifth Amendment claim "begins to run upon the use of the improperly obtained admissions at trial." *Tillman v. Burge*, 813 F.Supp. 2d 946, 969 (N.D. Ill. 2011). However, in instances where a conviction rests primarily on a coerced confession, "the claim accrues once the prisoner's conviction is formally impugned." *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (*Heck*)). Plaintiff's murder conviction was vacated in 1987; he was re-tried and acquitted in 1989. (Am. Compl. ¶¶ 100-101.) Even assuming Plaintiff's coercive interrogation claim did not accrue until 1989, Plaintiff would have had to file this claim within two years. Plaintiff instead waited twenty-two years to pursue this claim and, thus, it is time-barred.

## Count X: Deprivation of Due Process

Plaintiff alleges that the misconduct of the Defendants denied Plaintiff his constitutional right to a fair trial under the Due Process Clause of the Fourteenth Amendment. (Am. Compl. ¶ 263.) Even applying *Heck*, which would allow Plaintiff's claim to accrue upon the overturning of his conviction, Plaintiff would have had to file this claim by 1991, at the latest, much like the coercive interrogation claim, discussed above. Therefore, Plaintiff's Due Process claim is also time-barred and is dismissed.

## The Section 1983 Claims of the Putative Class

Because each of the Section 1983 claims asserted by Plaintiff is dismissed for being time-barred, the Section 1983 claims of the putative class must also fail. "It is, of course, axiomatic that the named representative of a class must be a member of that class." *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 244 (7th Cir. 1986). The named representative of a class must have suffered the same injury and have the same interest of the class members. *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 406 (1977). Since the named representative of this putative class has failed to properly assert any Section 1983 claims against Defendants, the putative class claims arising under Section 1983 are necessarily dismissed.

### *Counts III and IV and the Statute of Limitations*

Plaintiff further alleges violations under 42 U.S.C. §§ 1985 and 1986 on behalf of himself and the putative class, claiming Defendants conspired to deprive Plaintiff and the class of their constitutional rights and that Defendants were negligent in their failure to prevent this conspiracy, respectively. (Am. Compl. ¶¶ 217-232.)

The two-year statute of limitations that applies to Section 1983 claims in Illinois also applies to Section 1985 claims. *Horton v. Marovich*, 925 F.Supp. 540, 544 (N.D. Ill. 1996). Plaintiff's claim of the conspiracy against him by the Defendants would have accrued, at the latest, when Plaintiff's conviction was acquitted at his retrial, in 1989. Yet again, Plaintiff's claim is time-barred, as Plaintiff was more than twenty years late in asserting his claim of conspiracy. Plaintiff seeks to save this claim by arguing that the doctrine of continuing violations applies. Plaintiff relies on the Illinois Supreme Court

case of *Feltmeier v. Feltmeier*, where the Illinois Supreme Court held that, in a case involving a continuing injury, the statute of limitations period begins to run only upon the date of the last injury. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 86 (Ill. 2003) (*Feltmeier*). Plaintiff, however, fails to acknowledge that the *Feltmeier* court was carving out an exception to the usual application of a statute of limitations. The *Feltmeier* court explained:

> [I]t [is] important to note what does *not* constitute a continuing tort. A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation. Thus, where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury.

*Feltmeier*, 798 N.E.2d at 85 (internal citations omitted). This explanation directly rebuts Plaintiff's continuing violation argument. Plaintiff cannot argue, based on the allegations in the Complaint, that since being acquitted in 1989, Defendants have continually conspired to deprive Plaintiff of his constitutional rights. Simply listing numerous, unrelated examples of Defendants' purported violations of the putative class members' constitutional rights does not plausibly plead a *continuous* violation. "[T]he continuing violation rule does not apply to a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing." *Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 443 (7th Cir. 2005). The Section 1985 claims are barred by the two-year statute of limitations; thus, Count III is dismissed.

A claim under Section 1986 is subject to a one-year statute of limitations. *See* 42 U.S.C. § 1986 (providing, "[N]o action under the provisions of this section shall be

sustained which is not commenced within one year after the cause of action has accrued.") In the same way the Section 1985 claims fail, so too must Plaintiff's claim under Section 1986. Plaintiff's claim and the claims of the putative class pursuant to Section 1986 are dismissed as they are time-barred and cannot be plausibly considered to be part of a single, continuous violation on the part of the Defendants.

*Counts XI and XII: The Monell Claims*

Plaintiff alleges a *Monell*[2] claim against Defendant City of Chicago in Count XI and a *Monell* claim against Defendants Cook County and Cook County State's Attorney's Office in Count XII. Because *Monell* policy claims fall under the scope of Section 1983, they are also subject to the two-year statute of limitations in Illinois. Yet again, Plaintiff's claims under Section 1983 are time-barred because Plaintiff (and the putative class) failed to pursue them within the two-year statute of limitations. As discussed above, neither equitable tolling nor the continuous violation doctrine can save Plaintiff's Section 1983 claims and, therefore, Counts XI and XII are dismissed as they are time-barred. Moreover, where a plaintiff cannot allege the underlying unconstitutional conduct, a plaintiff cannot allege a *Monell* policy claim. *See Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000).

---

[2] The Supreme Court decision in *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978), created as a right of action the ability to sue a municipality under Section 1983 for constitutional violations arising from policy, custom, or practice. Plaintiff erroneously invokes Section 1986 in alleging his two *Monell* policy claims; for purposes of this analysis, the *Monell* claims in Counts XI and XII of the Amended Complaint will be considered under 42 U.S.C. § 1983.

*State-Law Claims*

Plaintiff's remaining claims in the Amended Complaint are state-law claims. "'[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.'" *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)). Consequently, because all of the claims in the Amended Complaint arising under federal law are dismissed, the Court exercises its discretion to decline supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). *Al's Service Center v. BP Products North America, Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) (*Al's Service Center*) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claim.").

## CONCLUSION

For the reasons set forth above, Counts I through XII are dismissed. As the only counts giving rise to federal jurisdiction are dismissed, the Court relinquishes jurisdiction over Plaintiff's state-law claims. *See Al's Service Center*, 599 F.3d at 727. Counts XIII through XXI are dismissed without prejudice to re-file these claims in state court. Therefore, Plaintiff's Amended Complaint is dismissed, and this case is hereby terminated.

Date: June 13, 2012

JOHN W. DARRAH
United States District Court Judge